IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICENTE ALVARADO, YVETTE ALVARADO,
STEVE FLORES, PRISCILLA FLORES, and,
THOMAS GUTIERREZ,

      Plaintiffs,

vs.                                             No. CIV 07-0224 MV//DJS

CITY OF ALBUQUERQUE,
OFFICER CARLA GANDARA, OFFICER
ED SAUER and OFFICER LANCE FAILS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant City of Albuquerque's Motion to Dismiss Defendants Gandara, Sauer and Fails and Memorandum in Support Thereof **[Doc. No. 17]**, filed on November 15, 2007, and Plaintiffs' Cross-Motion to Amend Complaint and for Permissive Extension of Time to Serve Defendants **[Doc. No. 18]**, filed on December 3, 2007. Defendant City moves the Court to dismiss the complaint against the individual defendants for failure to serve the complaint. Plaintiffs move the Court for a permissive extension of time to serve the individual defendants and to amend their complaint.

Plaintiffs originally filed this action in state district court on April 28, 2005. Defendants removed the action to federal court. On December 11, 2006, the Honorable William Johnson entered a Memorandum Opinion and Order Granting Summary Judgment In Part and Remanding State Law Claims. *See* Alvarado v. KOB-TV, L.L.C.; 05cv0750 WJ (Doc. No. 77). On February 20, 2007, Plaintiffs filed a motion to amend the complaint to add claims and the individual

defendants in state district court. Before the state district court ruled on Plaintiffs' motion to amend, Defendant City removed the case to federal court. In Defendant City's Notice of Removal (Doc. No. 1), the City asserted "all individual defendants will be represented as employees or former employees of Defendant City of Albuquerque and, **if the proposed Second Amended Complaint is filed**, all defendants, when served, will consent to removal of this action to federal court." Notice of Removal ¶10 (emphasis added). On March 14, 2007, Defendant City filed it Response to Motion to Amend Complaint on Remand from Federal Court (Doc. No. 4), asserting it had reviewed the second amended complaint and did not oppose the amendment. On June 19, 2007, Defendant City filed its Answer to Plaintiffs' proposed amended complaint even though the Court had not addressed Plaintiffs' motion to amend. Defendant City states in its reply: "Plaintiffs did not seek an order from the federal court allowing amendment and the City simply answered on its own behalf." Reply in Support of Mot. to Dismiss Defs. Gandara, Sauer and Fails at pg 1-2. Thus, since June 19, 2007, Plaintiffs' Second Amended Complaint has governed these proceedings. Plaintiffs did not raise the issue at the Rule 16 Scheduling or ever request the Court address their motion to amend. Moreover, Plaintiffs have never served Defendants Gandara, Sauer and Fails.

>Rule 4(m) of the Federal Rules of Civil Procedure states:
>
>Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED.R.CIV.P. 4(m). In *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995), the Tenth Circuit set forth the manner in which district courts should proceed in applying Rule 4(m):

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Id.* at 841. Plaintiffs contend that the "procedural posture in this case is very complex and confusing as there has never been a ruling on the motion to amend, but Defendant City has answered the Second Amended Complaint." Pls.' Resp. to Def. City of Albuq. Mot. to Dismiss at 4. However, as the Court previously noted, Plaintiffs never requested the Court rule on its motion to amend and never raised the issue until Defendant City filed its motion to dismiss the individual defendants. Thus, Plaintiffs' reason for not serving the individual defendants does not constitute good cause for failure to timely serve them. *See Despain v. Salt lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)("The 'good cause' provision of Rule 4 should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.").

Nonetheless, the Court must still consider whether to grant Plaintiffs a permissive extension of time. In determining whether to grant a permissive extension of time, the Court considers several factors, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding *pro se*, and whether the defendants are evading service. *Espinoza v. United States*, 52 F.3d at 842.

In this case, the allegations in Plaintiffs' Amended Complaint stem from incidents occurring on or about May to June of 2004. Therefore, if the Court were to dismiss this action without prejudice against the individual defendants, Plaintiffs could not re-file their complaint as

3

the applicable statute of limitation would bar the re-filed action. Accordingly, the Court will exercise its discretion and enlarge the time period within which Plaintiffs can serve the individual defendants. Plaintiffs have fifteen (15) days from the date of the filing of this order to effect service on the individual defendants. Plaintiffs motion to amend their complaint also is granted.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant City of Albuquerque's Motion to Dismiss Defendants Gandara, Sauer and Fails is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion to Amend Complaint and for Permissive Extension of Time to Serve Defendants is **GRANTED.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**